D. M. PERKINS, Trustee, *et al. v.* M. C. McDONALD *et al.*

AND

M. C. McDOMALD *et al v.* D. M. PERKINS, Trustee.

DOWER. *Deed of trust. Bankruptcy.* E executes a deed of trust and is afterwads adjudged a bankrupt and dies before foreclosure, *held,* that his widow is not entitled to dower as against the assignee in bankruptcy or those who purchased under him.

FROM LINCOLN.

Appeal from the Chancery Court at Fayetteville. J. W. BURTON, Ch.

J. H. HOLMAN for widow.

——— ——— for assignee.

FREEMAN, J., delivered the opinion of the court.

This case was affirmed on the easy docket, and a petition, with an elaborate argument, presented to show the affirmance was wrong, no briefs were furnished when the case was examined before, as suggested by counsel, by some oversight, briefs forwarded were not placed in the papers.

The case as appears from the record, is this, and only this: At October term, 1878, of the chancery court of Lincoln county, in the cases entitled D. M. Perkins, Trustee, *et als. v.* M. C. McDonald (injunction bill), and M. C. McDonald *v.* D. M. Perkins, Trustee

(cross-bill), the following proceedings were had: "In these causes, Martha C. McDonald, by her solicitors, brought into court the certified copy of the decree of the Supreme Court, and asked that it be spread upon the minutes of the court, which is ordered to be done. Said certified copy of said decree is in the words following, to-wit:

Be it remembered, that at a Supreme Court of Errors and Appeals, began and held at the capital in the city of Nashville, on the first Monday in December, A. D., 1874, it being the 7th day of December, 1874, for the 5th, 6th, 7th, 8th, 9th, 10th and 11th, and part of the 16th Judicial Circuits and on Saturday, May 22, 1875.

D. M. PERKINS, Trustee, *et al.*
*vs.*
MARTHA C. MCDONALD, *et al.*

This cause came on to be heard, etc., when it appeared to the court that the decree of the chancellor denying the right of defendant, Martha C. McDonald, widow of R. A. McDonald, to be endowed of the lands mentioned and described in the record, and awarding a perpetual injunction against further prosecution of the ejectment writ, brought by him in the circuit court of Lincoln county, against W. H. Moore, *et al.* There is error in this. It appeared from the record, that the lands conveyed by R. A. McDonald in his lifetime to D. M. Perkins, as Trustee, were not sold under said trust and prior to said McDonald's death, and it further appearing that said McDonald was, in 1868, on his own petition, adjudged a bankrupt by the District Court of the United States for the Middle

District of Tennessee, *but* that D. W. Holman, who was by said court appointed assignee of said McDonald, *was not* made a party to the proceeding in the court below, and the court is therefore of opinion, and so adjudges and decrees, that the right of *D. M. Perkins, trustee, and of all other parties claiming under trust deeds as subordinate* to those of defendant, Martha C. McDonald, widow, as aforesaid, and that as against all such parties, she is entitled to be endowed of the lands mentioned and described in the record, and that the proceedings in bankruptcy could have been interposed as a bar to her rights of dower, only by said Holman, assignee, or those claiming under him, who was not a party to the proceeding in the court below. It is therefore ordered, adjudged and decreed, that the decree of the chancellor be reversed and the injunction dissolved and the cause remanded to the Chancery Court at Fayetteville, that dower may be allotted by proceedings, or such other steps as the parties may elect to take, and the costs be paid, etc.

We need but say here, that on the face of this decree itself, that the right to dower is only adjudged against D. M. Perkins, trustee, and of all other parties claiming under trust deeds, and as against such parties, she was entitled to dower. This was a very simple question—settled by the Code, sec. ——

It is, however, further stated that Holman, the assignee in bankruptcy, was not a party to this case, and that the proceedings in bankruptcy could have been interposed as a bar to the rights of dower, only by said Holman or those claiming under him, who

"was not a party to the proceedings in the court below."

Now, to maintain that this decree adjudged anything in favor of complainant's right to dower, as to Holman, assignee, or by those claiming under him, is simply to go on the face of the decree. It plainly adjudges no such thing. In the next place, it as plainly holds, that as between her and Holman, assignee, or parties claiming under him, she would not be entitled to dower, but this is not conclusively adjudged, because they were not parties, therefore, there was nothing conclusive in this holding.

It appears from the face of the decree, that the single cause, the title of which we have given, and in which the above decree was made, that is, D. M. Perkins, Trustee, et al. v. Martha C. McDonald, et al., was remanded to the Chancery Court at Fayetteville, that dower may be allotted by proceedings (that is in that case), or such other steps as the parties may elect to take."

The record in this case shows that a motion was made, after the attorneys presented the above decree, in the chancery court, that the court award commissioners to allot dower on the above decree. This is the sole basis on which the court is asked to take action—the presentation of the above decree. This motion is made in cases entitled, as we have shown, D. M. Perkins, Trustee, v. Martha McDonuld, et al., and Martha C. McDonald v. D. M. Perkins, crossbill.

Now, if nothing more appeared, this is conclusive on the face of this record. It certainly could not

be error in the court to refuse to allot dower, upon such a motion, so far as anything appears on the face of these proceedings. It is not the same case, but a cross-bill is added or stands as part of the case. To allot dower on such a motion on a decree in the case of Perkins, Trustee, *v.* Martha McDonald *et al.* is *prima facie* an absurd proceeding.

All presumptions are in favor of the regularity of the action of the court below, until the contrary is shown. There is nothing is this record to show any error. On the contrary, the statements tend to support the action of the court. If it had been the same case remanded and nothing more, the court would have proceeded under the *procedendo* from this court, and there would have been no need for counsel to have brought into court the decree. It would have been part of the record already, the opinion in such case always accompanying the *procedendo*.

But the decree in this case, which is appealed from, refusing the motion for dower shows, that on said motion the solicitors for Perkins read from the record of the chancery court, without objection, the following decree made January, 1878, in the case of D. M. Perkins *et al.* *v.* M. C. McDonald *et al.* and M. C. McDonald *v.* D. M. Perkins *et al.*, which is the case now before us, after reciting the case come on to be heard, etc., says: "The court being of opinion that the decree of the chancellor denying to complainant the right to dower in the lands conveyed in the deed of trust is correct, *and* that *after* the bankruptcy of R. A. McDonald, he ceased to have any interest in

the said joint lands either legal or equitable, and that all the parties claiming by purchase under said assignee, may interpose such bankruptcy as a bar to her claim for dower, doth so far adjudge and decree. It is further ordered, adjudged and decreed by the court, that the bill of complainant, McDonald, be dismissed, and that said complainant and J. H. Holman, her security of appeal, pay the costs of this court, the costs of the court below be paid as decreed by the chancellor.

Upon reading this decree, in the case in which the motion was made, the chancellor held she was concluded by it, and refused her motion to award commissioners, from which there is this appeal.

We learn from briefs, and the decrees shows, that Mrs. McDonald, in the above cases by her cross-bill sought dower, as against the assignee and purchasers under him, and this court, in accord with the statement of Judge Nicholson, and after full consideration and rehearing, decreed she was not entitled to dower, and that decree was a conclusive answer to her motion in this case. It was an adjudication in the very case now before us, in which the motion is made. We have never doubted the correctness of that ruling. Whether correct or not, it is conclusive, and can never be reversed. We shall not attempt to convince the zealous counsel in this case on this subject, and need only say here, that we have looked at everything in the record and must decide the case on that. We cannot look to the history of the case as given in his petition, nor can we again discuss the correctness

of the opinion referred to. The decree was and is. final, and ᶠmust stand. The chancellor so held and we affirmed his decree, as there is clearly only contention for delay, but no real litigation or question. of the slightest doubt in the case.

Let the petition be dismissed with costs.